IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH LAVON WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1663-F |
| | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] along with supporting brief [Doc. No. 12 ], challenging his conviction for Trafficking in Illegal Drugs (cocaine base) by a  District Court of Oklahoma County jury in Case No. CF-00-336.  Petitioner was sentenced to forty-five years' imprisonment.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction by summary opinion. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Petitioner seeks habeas corpus relief on three grounds: 1) error by the trial court in failing to suppress contraband evidence; 2) ineffective assistance of trial counsel; and 3) a *Brady* violation.  Respondent has filed both a response to the petition [Doc. No.  9] and the relevant state court records [Doc. No. 10]; Respondent admits that Petitioner has exhausted his state court remedies and that the petition is timely.  Petitioner has filed a reply brief [Doc.  No.  11], and the matter is now at issue.  For the reasons set forth below, it is recommended that the petition be denied.

**Standard Governing Review of a Petition for a Writ of Habeas Corpus**

When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413; *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. *Williams*, 529 U.S. at 410-11; *Valdez v. Bravo*, 373 F.3d 1093, 1096 (10th Cir. 2004).

The OCCA disposed of the claims raised by Petitioner on direct appeal by summary opinion in which the reasoning was not always expressly stated. Nonetheless, this court owes deference to the state court's result. *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that state court's failure to discuss or even to be aware of federal precedent does not in itself render the decision

contrary to federal law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004) (applying the § 2254(d) deferential standard "notwithstanding the Oklahoma Court of Criminal Appeals' failure to cite or discuss federal case law") (citing *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)). Further, the state court's factual findings are presumed correct and the burden is on Petitioner to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Evidentiary Background**

Evidence before the jury established that at approximately 1:17 a.m. on January 4, 2000 [Tr. 47 and 78], a police officer [Tr. 46] in a marked police unit [Tr. 54] on routine patrol in a high crime area [Tr. 48]of Oklahoma City – The Projects, *id.* – observed Petitioner leaning inside the rear door of a vehicle, an Explorer, in an illuminated parking area [Tr. 48 - 49], possibly looking underneath the seat. *Id.* The officer testified he "suspected it was possibly an auto burglary." [Tr. 82]. As the officer, still in his police unit, approached the parking lot, Petitioner saw him and "immediately shut the door and started walking rapidly away from the vehicle towards the west." [Tr. 49]. The officer continued to pull into the parking lot to make contact, "[s]tepped out of the car and hollered at [Petitioner] and said, 'Can you come here'?" [Tr. 52]. The officer testified that Petitioner "said, 'Fuck that' and took off running." *Id.*

After an unsuccessful attempt to cut off Petitioner [Tr. 53 - 54], the officer returned to the Explorer to secure it until back-up arrived, keeping his police unit positioned with its lights off so that it would be undetected if Petitioner came back [Tr. 54 - 55]. Petitioner did return and, when he saw the officer with his service weapon drawn,

"actually turned and maybe a quarter of a turn like he was getting ready to run again . . . [then] shrugged his shoulder and put his hands out to the side and walked toward [the officer]" [Tr. 57] when he was then handcuffed [Tr. 58].

The officer subsequently returned to the area through which Petitioner had been running, saw a fresh footprint – a footprint the officer associated, and later matched [Tr. 108 - 109], with the heavy lug of the boots worn by Petitioner – in the snow going to some bushes [Tr. 60 - 61]. At the spot where the footprints stopped, the officer "found two large bags of individually wrapped substances that [he] recognized as being crack cocaine." [Tr. 62]. The officer also recovered a weapon directly beside the crack cocaine, a weapon that the officer was subsequently able to link back to the Explorer because "[it] had the same ammunition [Federal Hydrashock, Tr. 107] in the magazine of the gun as a box of ammunition that was in the [Explorer]." [Tr. 104].

## Ground One - Fourth Amendment Claim

Petitioner claims in his first ground for relief that "[t]he trial court erred by failing to suppress the contraband evidence obtained in violation of the Fourth Amendment to the United States Constitution." [Doc. No. 1, p. 6]. By way of supporting facts, Petitioner maintains that

> At the time the officer saw the petitioner for the very first time, petitioner was seen inside his own vehicle simply locking his own doors for security.
>
> Next petitioner was simply seen walking away from his own vehicle.
>
> This was all the petitioner was doing. This is totally innocent behavior. And this is the supporting claim.
>
> What is illegal about securing your own vehicle and walking away from it? Nothing[;] people do it every day. These drugs were discovered with a

4

firearm. A motion was moved and the firearm was dismissed[;][1] the drugs should have been dismissed also[;] the two were claimed to be discovered together.

*Id.* at 6 and subsequent inserted, unnumbered page. Respondent, in turn, correctly argues that this claim is barred from federal habeas corpus review under *Stone v. Powell,* 428 U.S. 465 (1976).

It is well established that habeas relief is unavailable to a state prisoner who has "had an opportunity for full and fair litigation of the Fourth Amendment claim" in the state court. *Smallwood v. Gibson,* 191 F.3d 1257, 1265 (10th Cir. 1999) (citing *Stone,* 428 U.S. at 481-482). Such opportunity may occur at trial or on direct appeal. *See Stone,* 428 U.S. at 494, n. 37 ("we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review."). *See also Gamble v. Oklahoma,* 583 F.2d 1161, 1165 (10th Cir. 1978) (the focus includes "the procedural opportunity to raise or otherwise present a Fourth Amendment claim."); *Bivens v. Hargett,* No. 97-6333, 1999 WL 7729, at *3 (10th Cir. Jan. 11, 1999) (defendant had opportunity to advance his Fourth Amendment claim even though his attorney forfeited the available procedures by his failure to appear at the suppression hearing).[2]

On direct appeal, Petitioner raised the failure of the trial court to suppress the

---

[1]The record does not support Petitioner's contention that a suppression motion was filed in connection with the weapon which was, in fact, not excluded but received in evidence at Petitioner's trial [Tr. 108].

[2]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

5

contraband evidence in violation of the Fourth Amendment. The OCCA determined, "[a]fter thoroughly considering this proposition and the entire record before us" [Doc. No. 9, Exhibit No. 3, p.1], that, "The police officer's actions were reasonable and lawful. This was a proper investigatory stop, based upon a reasonable suspicion of illegal activity." *Id.* Pertinent Supreme Court case law was cited by the OCCA in support of its determination: *Terry v. Ohio,* 392 U.S. 1, 21-22 (1968) (a stop may be justified by reasonable suspicion that falls short of probable cause); *Adams v. Williams,* 407 U.S. 143, 147-148 (1972) (fact that stop took place in a "high crime area" is a pertinent contextual component of a *Terry* analysis); *Illinois v. Wardlow,* 528 U.S. 119, 124 (2000) (unprovoked flight "is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). The OCCA further determined that the drugs were abandoned, a finding once again in accord with applicable Supreme Court case law. *See California v. Hodari D.,* 499 U.S. 621, 629 (1991) (cocaine dropped by defendant when running from police is abandoned and is not "the fruit of a seizure.")

Petitioner was afforded both a full and fair opportunity to present his Fourth Amendment claim in state court proceedings. Under the doctrine of *Stone v. Powell* he is therefore not entitled to federal habeas review of his claim.

**Ground Two - Ineffective Assistance of Counsel**

Petitioner asserts that his trial counsel represented him ineffectively because his counsel failed to file a motion to suppress the contraband evidence. Petitioner made this same claim on direct appeal, and the OCCA, citing *Strickland v. Washington,* 466 U.S. 668 (1984), found that "defense counsel did not move to suppress the contraband, the drugs

were abandoned, and we find no ineffective assistance." [Doc No. 9, Exhibit No. 3, p. 2].

To prevail on his ineffective assistance of counsel claims, Petitioner must satisfy the two-part test established in *Strickland* by initially establishing "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and, then, "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because both prongs of the test must be satisfied in order for Petitioner to prevail on an ineffective assistance of counsel claim, if Petitioner makes an insufficient showing on one, the other need not be addressed by the court. *Id.* at 697.

Petitioner cannot demonstrate that he was prejudiced by his trial counsel's failure to file a suppression motion with respect to the contraband. As discussed in connection with Petitioner's first ground for relief, the OCCA determined – in full accord with applicable Supreme Court and Oklahoma case law – that the contraband was abandoned. "When one voluntarily abandons property, he has no standing to complain of its search and seizure." *Menefee v. State,* 640 P.2d 1381, 1385 (Okla. Crim. App. 1982). Petitioner's counsel was not ineffective in failing to assert this issue at trial because the evidence was clearly admissible. "To establish . . . prejudice . . . a defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Upchurch v. Bruce,* 333 F.3d 1158, 1163 (10th Cir. 2003) (quoting *Strickland,* 466 U.S. at 694). Accordingly, the second prong of the *Stickland* test cannot be met. The OCCA's finding that trial counsel's performance was not ineffective was therefore reasonable, and habeas relief is not justified.

**Ground Three - *Brady* Violation**

**Procedural Default**

Petitioner casts his third and final ground for relief as a *"Brady* violation,"

contending that certain information was withheld from the jury at his trial [Doc. No. 1,

p. 10]. Respondent maintains that Petitioner is procedurally barred from raising this

issue. Under the doctrine of procedural default, a federal court undertaking habeas

review will not review a claim that has been defaulted in state court on an independent

and adequate state procedural ground unless Petitioner demonstrates cause for the

default and actual prejudice, or, alternatively, demonstrates a fundamental miscarriage

of justice. *Coleman v. Thompson,* 501 U.S. 722, 749 - 750 (1991).

Petitioner acknowledges in his habeas petition that he did not raise his so-called

*Brady* issue on direct appeal [Doc. No. 1, p. 10]. However, following affirmance, of his

conviction on direct appeal, Petitioner filed a request for post-conviction relief in the

District Court of Oklahoma County where his application was denied [Doc. No. 9, Exhibit

No. 6]. The OCCA dismissed the appeal of this decision as untimely, finding that

> Rule 5.2(C), *Rules of the Court of Criminal Appeals,* Title 22, Ch. 18, App.
> (2004), requires that an applicant desiring to seek relief in this Court from
> a final order of the District Court under Section V of these rules, must file
> a petition in error with any brief to be submitted and with a certified copy
> of the District Court order attached with the Clerk of this Court within
> thirty (30) days from the date the final order is filed with the Clerk of the
> District Court. Petitioner did not timely seek relief in this Court from the
> August 4, 2004, order of the District Court.

Doc. No. 9, Exhibit No. 8. Specifically, the OCCA determined that neither the required

filing fee nor a completed Affidavit in Forma Pauperis was submitted with Petitioner's

application. *Id.* Rule 1.11 of the Rules of the OCCA provides that, "A pleading shall not

be considered filed in this Court until such time as the filing fee is paid or an 'Affidavit in *Forma Pauperis*' is properly filed.   Okla. Stat. tit. 22, Ch. 18, App. Rule 1.11.   The OCCA specifically advised Petitioner  – assuming he wanted to pursue the appeal – to return to District Court to request a post-conviction appeal out of time [Doc. No. 9, Exhibit No. 8, p.2].

Tenth Circuit precedent establishes Rule 5.2(C) as an independent and adequate state ground sufficient to foreclose habeas review.  *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998).   Accordingly, the independent and adequate state ground doctrine precludes review of the claims made in Petitioner's post-conviction relief application unless Petitioner is able to overcome the procedural bar.  *See Coleman,* 501 U.S. at 732 ("In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court[;] [t]he independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.").

In order to defeat the procedural bar, Petitioner must establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Id.* at 749 - 750.  "'Cause' . . . must be something *external* to the petitioner, something that cannot be fairly attributed to him[.]".  *Id.* at 753.  *See also Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993).

**Cause for the Default**

In responding to Respondent's contention that his *Brady* claim is procedurally barred, Petitioner agrees that he failed to properly file his appeal from the District Court's denial of post-conviction relief but argues that he is untrained in the law, that he received no assistance, and, that "[t]he lack of being heard is still a miscarriage of justice." [Doc. No. 11, hand-numbered p. 3; sequential p. 5].

To receive leave to file his appeal out of time under Oklahoma law, Petitioner was required to demonstrate that he was denied an appeal through no fault of is own. Okla. Stat. tit. 22, Ch. 18, App. Rule 2.1 (E). After considering Petitioner's application for leave to file his appeal out of time, the state district court made a determination that relates to the issue of cause for Petitioner's procedural default:

> A Petitioner seeking an Appeal Out of Time must show that he was denied an appeal through no fault of his own (*Smith v. State, 611 P.2d 276, Okl. Cr. 1980*).

> Petitioner's claim that he did not understand the time frame is contrary to the record. Petitioner clearly filed his Notice of Intent to Appeal and Petition in Error within the time frame provided by statute. Additionally, this court specifically set out the thirty (30) day time limit in the original Order Denying Application for Post Conviction Relief (*See Court' Exhibit "A"*).

> Petitioner further alleges that prison procedures hindered his timely compliance. Petitioner admits in the application that he was contacted daily by a clerk who asked Petitioner what he needed and then the clerk returned the following day with the requested information.

> Petitioner next alleges that he mailed his Petition in Error to the Court of Criminal Appeals on August 31, 2004 "with a copy of an Affidavit in Forma Pauperis", he then sates that he mailed the original to the Oklahoma County Court Clerk on September 3, 2004. Petitioner further states that he can only guess that the original did not go to the Oklahoma Court of Criminal Appeals.

> Based on Petitioner's own statements and the exhibits provided to the court

10

> by the Petitioner and the State this court finds that Petitioner has failed to
> show that he was denied an appeal through no fault of his own and
> therefore the court does not recommend an appeal out of time.

Doc. No. 1, Exhibit No. 1, pp. 2 - 3.

This factual determination by a State court that Petitioner was denied an appeal

due to his own fault "shall be presumed to be correct." 28 U.S.C. § 2254 (e)(1).[3]  Because

the "cause" necessary to defeat the procedural bar must be "something that cannot be

fairly attributed to [Petitioner]" *Coleman,* 501 U.S. at 753, this finding, which is

unrebutted by Petitioner, equates to a determination that the default was attributable to

Petitioner, and thus, the procedural bar stands against his argument that he was

untrained and uninformed as to his appellate responsibilities.[4]   In light of this

conclusion, the prejudice element need not be considered. *See Steele,* 11 F.3d at 1522,

n. 7.

### Fundamental Miscarriage of Justice

In the absence of the requisite cause to excuse his procedural default, Petitioner

must establish that a fundamental miscarriage of justice will result if the court does not

consider his *Brady* violation claim. *See Coleman,* 501 U.S. at 750. Such fundamental

miscarriage of justice exception is "an extremely narrow exception, implicated only in

---

[3]The District Court's order was entered on December 1, 2004 [Doc. No. 1, Exhibit No. 1]. Petitioner then filed his habeas petition in this court on December 8, 2004. State appellate court records – No. PC-2004-1302 – show that Petitioner appealed the District Court's order on December 30, 2004, and that on February 11, 2005, the OCCA likewise denied Petitioner's request for a post-conviction appeal out of time. *See* http://www.oscn.net/.

[4]Even absent the state court's factual finding, Petitioner's lack of legal training would not demonstrate cause for excusing his default.  *Watson v. New Mexico,* 45 F.3d 385, 388 (10th Cir. 1995)(petitioner's basic ignorance of the rules or the law is not an "external factor" sufficient to establish "cause" in context of procedural default).

'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Ballinger v. Kerby,* 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986). "To prevail [Petitioner] must identify evidence that affirmatively demonstrates his innocence." *Phillips v. Ferguson,* 182 F.3d 769, 774 (10th Cir. 1999).

In reply to Respondent's brief, Petitioner advises that his "actual innocence will be covered in my brief in support." [Doc. No. 11, hand-numbered p. 4, sequential p. 6]. The supporting brief, however, fails to identify any evidence that would affirmatively demonstrate Petitioner's innocence [Doc. No. 12, hand-numbered pp. 26 - 27, sequential pp. 14 - 15]. Petitioner, instead, argues in conclusory fashion about false statements presumably made by a police officer; he further suggests that the weapon found with the contraband was actually registered to another individual. *Id.* Because the firearm was registered to another individual, Petitioner suggests that "it is believed" that this same individual must have owned the drugs that were found with the weapon. *Id.* at sequential p.15. With respect to registration of the weapon, the trial transcript reveals that the weapon was stolen, a fact that was kept from the jury [Tr. 101- 102]. Such "evidence" does not support Petitioner's contention of innocence and, consequently, Petitioner cannot rely on the fundamental miscarriage of justice exception to defeat the procedural bar. Accordingly, because Petitioner has failed to overcome the procedural bar, it is recommended that habeas review of the claim raised in Ground Three be barred.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, it is the recommendation of the undersigned Magistrate Judge

that the petition for writ of habeas corpus be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 25ᵗʰ day of May, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___5___ day of May, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE